Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> FASHION NOVA, LLC, a California limited liability company; TIC TOC, INC., a California corporation; JUJUBE FASHION, INC., a California corporation; WISH FOR FALLING STAR, INC., a California corporation; LAC BLEU, INC., a California corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br> 1. COPYRIGHT INFRINGEMENT; <br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff KLAUBER BROTHERS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Klauber Brothers, Inc. ("KLAUBER") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant FASION NOVA, LLC ("FASHION NOVA") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 2801 E. 46 Street, Vernon, California 90058.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant TIC TOC, INC. ("TIC TOC") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1015 S. Crocker St. Suite Q4, Los Angeles, CA 90021

7. Plaintiff is informed and believes, and thereon alleges, that Defendant JUJUBE FASHION, INC. ("JUJUBE") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2225 S. San Pedro Street, Los Angeles, CA 90011.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant WISH FOR FALLING STAR, INC. ("FALLING STAR") is a corporation organized and existing under the laws of the State of California with its principal place of

business located at 810 E. Pico Blvd., Unit 212, Los Angeles, CA 90021.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant LAC BLEU, INC. ("LAC BLEU") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1027 Towne Avenue, Los Angeles, CA 90021.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 688

13. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Numbers 688 ("Subject Design A"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

14. Plaintiff applied for a United States Copyright Registration covering Subject Design A and was allocated Registration No. VA 1-350-717.

15. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design A to numerous parties in the fashion and apparel industries.

16. Plaintiff has also widely disseminated to numerous parties in the fashion and apparel industries sister patterns with Internal Design Numbers 678 and 3978 featuring the same design elements and motifs as Subject Design A but with other added elements or resized elements. Some or all of these sister patterns are separately registered with the United States Copyright Office.

17. Following this distribution of products, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, FASION NOVA, and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or

1  garments bearing lace featuring designs which are identical to or substantially
2  similar to Subject Design A ("Infringing Product A"). Such garments include, but
3  are not limited to, garments sold by FASHION NOVA under Style Number 3193.
4      19. A comparison of Subject Design A and Infringing Product A make it clear
5  that the design appearing on Infringing Product A is identical, or substantially
6  similar, to Subject Design A.

27  ///

| Subject Design A | Infringing Product A Exemplar |
|---|---|
| **Design 688** | **"New Lover" Robe – 3193** |
|  | Detail :  |
|  | Garment :  |

- 6 -

COMPLAINT

## CLAIMS RELATED TO DESIGN 844

20. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design Plaintiff's Internal Design Number 844 ("Subject Design B"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

21. Plaintiff applied for a United States Copyright Registration covering Subject Design B and was allocated Registration No. VA 94-628.

22. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design B to numerous parties in the fashion and apparel industries.

23. Plaintiff has also widely disseminated to numerous parties in the fashion and apparel industries sister patterns with Internal Design Number 842 and 845 featuring the same design elements and motifs as Subject Design B but with other added elements or resized elements. Some or all of these sister patterns are separately registered with the United States Copyright Office.

24. Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

25. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, FASHION NOVA, TIC TOC, JUJUBE, FALLING STAR, and LAC BLEU, and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments bearing lace featuring designs which are identical to or substantially similar to Subject Design B ("Infringing Product B"). Such garments include, but are not limited to, garments sold by FASHION NOVA, under Style or Item Nos. DWFA8296, JC24453, BWB1740, 3852J; sold by LAC BLEU under Style or Item No. 3852J; sold by TIC

1  TOC and JUJUBE under Style or Item No. JC24453; and sold by FALLING STAR
2  under Style or Item No. DWFA8296.
3    26. A comparison of Subject Design B and Infringing Product B make it clear
4  that the design appearing on Infringing Product B is identical, or substantially
5  similar, to Subject Design B.

27  ///

| Subject Design B | Infringing Product B Exemplar |
|---|---|
| **Design 844** | **"Without a Doubt" Lace Dress – DWFA8296** |
|  |  |
| | **Garment:** |
| |  |

COMPLAINT

| Design 844 | "Updated Lover" Lace Teddy – JC24456 |
|---|---|
|  | Detail:<br /><br /><br />Garment:<br /> |

- 10 -

COMPLAINT

| **Design 844** | **"Let Me Be Your Girl" Lace Teddy – BWB1740** |
|---|---|
| | Detail: |
| |  |
| | Garment: |
| |  |

| Design 844 | "Tell Me Your Secret" Lace Jumpsuit – 3852J |
|---|---|
|  | Detail:   Garment:  |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

27. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A and B (collectively, "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

29. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

35. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs alleged herein.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

38. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

39. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**
### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Dated: April 9, 2021         By:         */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff